O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN - 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUSAN CLYDESDALE GOLSARRY,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

Case No. EDCV 08-1027 RNB

ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 3, for the reasons stated by the Commissioner (see Jt Stip at 24-26), the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to "appropriately" consider plaintiff's obesity in his assessment of whether plaintiff met

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

or equaled a Listing and in assessing her residual functional capacity ("RFC"). Plaintiff has failed to point to any medical evidence before the ALJ that plaintiff's obesity limited her functioning and or to any testimony or other evidence presented by plaintiff at the administrative hearing that her obesity impaired her ability to work. See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). Indeed, plaintiff testified at the administrative hearing that her current weight was 245, which was only 22 pounds over her weight when she was last able to work. (See AR 43).

With respect to Disputed Issue No. 2, the Court notes that Dr. Grossman's assessment of plaintiff's limitations differed in only one respect from the ALJ's determination that plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except that she was (a) limited to occasional climbing of ladders, ropes, or scaffolds and occasional reaching overhead, and (b) precluded from working at heights or around dangerous equipment. (See AR 27). 20 C.F.R. § 404.1567(b) defines "light work" as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Dr. Grossman opined that plaintiff was capable of frequent lifting and/or carrying up to 10 pounds, but that plaintiff's maximum lifting capacity was also only 10 pounds. (See AR 266). However, Dr. Grossman's opinion that plaintiff was limited to only occasional climbing and reaching (see AR 267) was consistent with the ALJ's RFC assessment. Further, Dr. Grossman's assessment that plaintiff was capable of standing and/or walking for a total of less than 8 hours per 8 hour day (as opposed to less than 6, less than 4 or less than 2 hours per 8 hour day) and capable of sitting for a total of less than 8 hours per 8 hour day (as opposed to less than 6, less than 4 or less than 2 hours per 8 hour day) (see AR 267) was not inconsistent with the ALJ's RFC determination since "[t]he full range of light work requires standing or walking, off and on, for a

total of approximately 6 hours of an 8-hour workday." See Social Security Ruling[2] 83-10; see also Gallant v. Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984) (noting that "the full range of light work requires standing or walking for up to two-thirds of the workday"). As for the ALJ's rejection of Dr. Grossman's opinion regarding plaintiff's maximum lifting and/or carrying capacity, the Court finds that even if the reasons given by the ALJ do not qualify as specific and legitimate reasons for rejecting that opinion, the error was harmless because the vocational expert testified that, even with Dr. Grossman's limitations, jobs existed in the national economy that a person with those limitations could perform. (See AR 56-57). See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

However, with respect to Disputed Issue No. 1, the Court concurs with plaintiff that reversal is warranted based on the ALJ's failure to make a proper adverse credibility determination. At the hearing, plaintiff testified inter alia that her worst problem was her "inability to walk and the head pain, the neck pain, [and] the numbness down [her] arms." (See AR 47). She also testified that she could not walk for 30 minutes without either having to stop halfway or the assistance of a cart; that she could only stand for five minutes; that she could not comfortably sit for two hours; and that she could barely lift a gallon of milk. (See AR 44-45). She also testified that she had difficulty sleeping at night because of her pain; that when she did laundry, she would use her arms a lot and then for the next three days be hardly able to lift her arms; that if she did dishes, she had to start and stop; that she had difficulty taking a shower and washing her hair; and that, when she sat, her legs would go numb and she

---

[2] Social security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

would have to change positions every half hour. (See AR 53).

One of the ALJ's findings was that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms was not credible to the extent that they were inconsistent with the ALJ's RFC assessment. (See AR 28). The only reasons provided by the ALJ for this adverse credibility determination were: (1) plaintiff's lack of active treatment between June 2007 and December 2007, when her private insurance expired, which the ALJ characterized as "puzzling"; and (2) the fact that, in the ALJ's view, the objective medical findings generally did not substantiate the extent of plaintiff's allegations. (See AR 28-29).

Where the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

Here, as noted, the ALJ explicitly found that plaintiff suffered from medically determinable impairments that could reasonably be expected to produce the symptoms about which she testified. Since the ALJ did not make an express finding of malingering and the Commissioner has failed to cite any affirmative evidence of malingering in the record, the issue before the Court is whether the reasons given by

4

the ALJ for his adverse credibility determination satisfy the standard set forth above.[3]

The Court finds and concludes that the answer is no. First, the ALJ failed to specify which statements by plaintiff concerning her symptoms and functional limitations were not credible and/or in what respect(s) plaintiff's statements were not credible. See Smolen, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."). Second, while an ALJ may properly rely on a claimant's unexplained or inadequately explained failure to seek treatment (see Orn v. Astrue, 495 F.3d 625,

---

[3] To the extent that the Commissioner has proffered reasons in support of the ALJ's adverse credibility determination that the ALJ did not actually provide, the Court is unable to consider those reasons. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). For example, contrary to the Commissioner's characterization (see Jt Stip at 8), the ALJ did not expressly state that he was basing his adverse credibility determination on plaintiff's daily activities. The ALJ only cited plaintiff's daily activities as a reason for rejecting Dr. Grossman's opinion limiting plaintiff to sedentary work. (See AR 30). Moreover, even if it was clear from the decision that the ALJ's adverse credibility determination was based in part on plaintiff's daily activities, under Ninth Circuit jurisprudence, the daily activities to which plaintiff testified do not constitute a clear and convincing reason for rejecting her subjective testimony. See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."); Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990) (holding that daily activities may not be relied upon to support an adverse credibility determination unless the ALJ makes an explicit finding to the effect that plaintiff's ability to perform those activities translated into the ability to perform appropriate work activities on an ongoing and daily basis); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

636 (9th Cir. 2007), citing Fair, 885 F.2d at 603), here plaintiff's lack of active treatment for her headache and neck pain was not unexplained. Plaintiff testified that her private physician declined to treat those symptoms because they related to her pending workers compensation claim and her insurance company also told her that injuries related to her workers compensation claim were not covered. (See AR 51). The ALJ failed to explicitly address this explanation. Instead, he merely stated that he did not find plaintiff's explanation to be entirely persuasive in light of the statement of Dr. Landis. (See AR 28). The ALJ was referring to the statement in Dr. Landis's January 29, 2007 internal medicine consultation report that "with the weight loss her headaches have resolved." (See AR 286). The Court notes, however, that at the time Dr. Landis rendered his report, plaintiff had lost 50 pounds and only weighed 215 pounds. (See AR 285). Thus, by the time of the hearing, plaintiff already had regained most of her lost weight. Further, the statement in Dr. Landis's report cannot be reconciled with the statement of plaintiff's treating physician (Dr. McIntyre) in his 2008 report that, despite weight loss and continued blood pressure control, plaintiff's neck pain had worsened. (See AR 245). In the face of this contradiction, the ALJ's reliance on the statement in Dr. Landis's report hardly qualifies as a clear and convincing reason for rejecting plaintiff's testimony regarding her continuing headache and neck pain or for finding not persuasive plaintiff's explanation for the lack of active treatment. Third, the ALJ's conclusory assertion that the objective medical findings generally did not substantiate the extent of plaintiff's allegations imposed a burden on plaintiff that she did not have under the governing Ninth Circuit law. See, e.g., Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990) ("The ALJ's opinion indicates that he probably disbelieved the excess pain testimony because it was 'out of proportion to the medical evidence'--an inadequate reason, since it is the very nature of excess pain to be out of proportion to the medical evidence."); Cotton, 799 F.2d at 1407 ("Requiring full objective confirmation of pain complaints before believing them 'would overlook the fact that pain is a highly idiosyncratic

phenomenon, varying according to the pain threshold and stamina of the individual victim,' and it would trivialize the importance that we have consistently ascribed to pain testimony, rendering it, in the final analysis, almost superfluous.").

## CONCLUSION AND ORDER

As to the issue of the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S.

1038 (2000)[4]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

The Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision.

There is one remaining issue to be addressed. Although not briefed in the Joint Stipulation, plaintiff did request in the prayer for relief section of her Complaint that, if the case was remanded for a new hearing, the hearing be before "a new and impartial administrative law judge." The Court infers from the foregoing request that plaintiff believes that the ALJ who originally heard this matter should be recused for bias. The district court's jurisdiction and the applicable standard of review in individual social security cases is set forth in 42 U.S.C. § 405(g), which provides that in individual review cases, district courts have jurisdiction to review the Commissioner's denial of benefits, and that in such cases the district court's fact-finding role is limited to affirming the Commissioner's findings if supported by substantial evidence. Here, since plaintiff failed to raise the issue of the ALJ's alleged bias in her request for review (see AR 19) or in her Appeals Council Brief detailing

---

[4] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

8

the ALJ's alleged errors (see AR 7-13), the Appeals Council's denial of plaintiff's request for review and its adoption of the ALJ's decision as the Commissioner's final decision in the case cannot reasonably be construed as encompassing a finding that the ALJ was not biased. The Court therefore concludes that its fact-finding jurisdiction at this juncture does not extend to making any factual findings on the issue of the ALJ's alleged bias.[5]

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[6]

DATED: May 29, 2009

*/s/ Robert N. Block*
_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] On remand, if the Commissioner chooses to order a further administrative hearing before the same ALJ, plaintiff will have recourse under the regulations to seek the ALJ's disqualification. See 20 C.F.R. § 404.940. If the ALJ then refuses to step aside and again rules adversely to plaintiff, plaintiff can include her objections to the ALJ as reasons why the hearing decision should be revised or a new hearing should be held before another ALJ in plaintiff's appeal to the Appeals Council. (See id.). If the Appeals Council then rejects plaintiff's appeal, plaintiff will be entitled to judicial review of that decision (which then will encompass the rejection of plaintiff's bias claim).

[6] It is not the Court's intent to limit the scope of the remand.